UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Chengcheng Zhang, *Individually and on behalf of all others similarly situated*,

                Plaintiff,

-against-

Asian Moon Restaurant Corp. d/b/a
Asian Moon, Vickie S Li, Sherry Li,

                Defendants.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
20-CV-02776 (DG) (AYS)

DIANE GUJARATI, United States District Judge:

On June 23, 2020, Plaintiff Chengcheng Zhang commenced this action against Defendants Asian Moon Restaurant Corp. d/b/a Asian Moon, Vickie S Li, and Sherry Li (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *See generally* Complaint, ECF No. 1. Defendants were served, *see* Executed Summonses, ECF Nos. 10 & 14, but did not appear in the action. The Clerk of the Court entered default against Asian Moon Restaurant Corp. on June 2, 2021, *see* Entry of Default, ECF No. 17, and against Vickie S Li and Sherry Li on December 8, 2021, *see* Entry of Default, ECF No. 25.

On January 3, 2022, Plaintiff moved for default judgment against Defendants under Federal Rule of Civil Procedure 55(b). *See* Motion for Default Judgment (the "Motion"), ECF No. 26; Memorandum of Law in Support of Plaintiff's Motion for a Default Judgment, ECF No. 26-1.

On January 4, 2022, I referred the Motion to Magistrate Judge Anne Y. Shields for a Report and Recommendation ("R&R"). *See* January 4, 2022 Order.

On March 15, 2022, Judge Shields issued an R&R recommending that Plaintiff's motion for default judgment be granted and that damages be awarded as follows: (1) unpaid minimum wage and overtime compensation, pursuant to both the FLSA and the NYLL, in the amount of $63,030.00;[1] (2) spread of hours damages in the amount of $7,848.00; (3) liquidated damages, pursuant to both the FLSA and the NYLL, in the amount of $70,878.00; (4) $10,000.00 in damages for violations of the Wage Theft Prevention Act ("WTPA"); (5) pre-judgment interest through the date of the R&R in the amount of $17,287.72, with additional interest to be calculated at a rate of $17.48 per day through the date of judgment;[2] and (6) post-judgment interest, to be calculated by the Clerk of the Court, pursuant to 28 U.S.C. § 1961. *See* R&R at 20, ECF No. 29. The R&R further recommended that Plaintiff be awarded $12,930.00 in attorney's fees, and costs in the amount of $733.50, for a total monetary award of $182,707.22, plus additional interest. *See id.* at 20-21.

Plaintiff filed proof of service of the R&R on March 18, 2022. *See* ECF No. 30. No objection to the R&R has been filed, and the time for doing so has passed. *See* R&R at 21.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). To accept those portions of an R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis*

---

[1] In describing how unpaid overtime wages are to be calculated, the R&R provides that "[u]npaid overtime wages are calculated by multiplying the wage rate by 0.5 to determine the amount owed per hour for every hour over 40 hours worked." *See* R&R at 9. The reference to "0.5" appears to be a typographical error. The R&R correctly calculates the rate of overtime pay by multiplying the wage rate by 1.5. *See id.* at 13-14.

[2] The R&R sets forth the calculation for determining the pre-judgment interest on Plaintiff's NYLL damages award as ($102,675.00 x 9%)/365 days. *See* R&R at 17. The reference to "$102,675.00" appears to be a typographical error. The R&R correctly calculates the daily interest at $17.48 based on the following calculation: ($70,878.00 x 9%)/365 days. *See id.*

2

*v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quotation marks omitted).

I have reviewed Judge Shields's R&R, and, having found no clear error, adopt the findings and recommendations in the R&R.

Accordingly, Plaintiff's Motion for Default Judgment, ECF No. 26, is granted and Plaintiff is awarded damages as follows: (1) unpaid minimum wage and overtime compensation, pursuant to both the FLSA and the NYLL, in the amount of $63,030.00; (2) spread of hours damages in the amount of $7,848.00; (3) liquidated damages, pursuant to both the FLSA and the NYLL, in the amount of $70,878.00; (4) $10,000.00 in damages for violations of the WTPA; (5) pre-judgment interest through the date of the R&R in the amount of $17,287.72, with additional interest to be calculated at a rate of $17.48 per day through the date of judgment; and (6) post-judgment interest, to be calculated by the Clerk of the Court, pursuant to 28 U.S.C. § 1961. Further, Plaintiff is awarded $12,930.00 in attorney's fees, and costs in the amount of $733.50.

The Clerk of the Court is directed to enter judgment accordingly.

Plaintiff is directed to serve a copy of this Order on Defendants Asian Moon Restaurant Corp. d/b/a Asian Moon, Vickie S Li, and Sherry Li by certified mail and to file proof of service no later than May 16, 2022.

SO ORDERED.

*/s/ Diane Gujarati*  
DIANE GUJARATI  
United States District Judge

Dated: May 9, 2022  
       Brooklyn, New York